# The County of Cook
## v.
## Thomas W. Sennott.

*Filed at Ottawa January 22, 1891.*

Fees and salaries—*municipal officers— increase of compensation during term of office—constitutionality.* Section 11, article 9, of the constitution of 1870, prohibits the increase of the compensation of a clerk of the probate court of Cook county during his term of office, even by an act of the legislature; and the fact that the office was created by statute, and not by the constitution, can make no difference.

Writ of Error to the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Mr. EDGAR TERHUNE, for the plaintiff in error:

It is the policy of the constitution that the salary of no officer shall be increased or diminished during the term for which he is elected. Const. sec. 21, art 4; sec. 23, art. 5; secs. 7, 16, 26, art. 6; sec. 11, art. 9; sec. 10, art. 10.

Cook county is a municipality, and the probate clerk is a municipal officer.

Sections 9 and 10 of article 10 must be construed together. Section 9 provides only three things: First, the officers named are to receive salaries fixed by law; second, the number of their assistants is to be determined by the circuit court; and third, the compensation for their assistants is to be fixed by the county board. These three items are taken out of section 10. With these exceptions section 10 relates to the whole subject matter. *Daggett* v. *Ford County*, 99 Ill. 342; *Briscoe* v. *Clark County*, 95 id. 309.

Mr. SIDNEY SMITH, and Mr. JOHN M. HAMILTON, for the defendant in error:

The office of clerk of the probate court is created by the statute. As to this office the constitution is silent.

In the absence of a clear constitutional restriction the legislature may increase or diminish the salary of officers during the terms for which they are elected. *Butler* v. *State*, 10 How. 402; *State* v. *Kalb*, 50 Wis. 178; *Governor* v. *Mayor*, 5 N. Y. 258.

The constitutional limitations do not apply to offices not created by the constitution. *Coffin* v. *State*, 7 Ind. 157; *Gilbert* v. *Board*, 8 Blackf.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Defendant in error was elected to the office of clerk of the probate court of Cook county, for the term beginning the first Monday in December, 1886, and then entered upon its duties. Prior to that time the salary of the office had been fixed at

$3000 per annum. By an act of the General Assembly, to take effect July 1, 1887, it was provided that the salary of the probate clerks elected after the adoption of the present constitution should be $5000 per annum. After said first day of July, defendant in error retained from the earnings of the office, salary at the increased rate, and this action is brought to recover from him that amount.

The single question presented by the record is, can the salary of the clerk of the probate court of Cook county be lawfully increased or diminished during his term of office. This question arose in the court below on a demurrer to plaintiff's declaration.

The statute establishing probate courts provides for the election of a clerk thereof for a term of four years. Such officer, when elected, is unquestionably a county officer, elected for a definite term. Section 11, article 9, of the constitution of 1870, provides that "the fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term." In *Jimison* v. *Adams County*, 130 Ill. 564, we said: "In our present constitution counties are recognized as municipal corporations," and it was then expressly decided that a county superintendent of schools must be regarded as a municipal officer, within the meaning of section 11, article 9, *supra*. That case is decisive of the question involved here.

When the act of 1887 was passed, defendant in error was a municipal officer, elected for a definite term, his salary having been fixed by law at the time he accepted the office. The legislature was prohibited by the foregoing section of the constitution from interfering with that salary during his term. The fact that the office was created by statute, and not by the constitution, can make no difference. The constitutional provision applies to all municipal officers who are elected or appointed for a definite term of office. Nor is there anything in section 9, article 10, of the constitution, inconsistent with

the application of section 11 to this office. The former section simply provides that clerks of courts of record in Cook county shall receive, as their only compensation for services, salaries to be fixed by law. It does not authorize the increasing or diminishing of such salaries during a term of office.

The circuit court erred in sustaining the demurrer to plaintiff's declaration, and its judgment must be reversed and the cause remanded.

*Judgment reversed.*