HENRY G. FOREMAN *et al.*

*v.*

THE PEOPLE *ex rel.* Willard M. McEwen.

*Opinion filed April 20, 1904—Rehearing denied June 9, 1904.*

1. PUBLIC OFFICERS—*right to compensation depends upon the statute.* The right of a public officer to compensation does not rest upon equitable considerations but entirely upon the statute, which must be construed strictly against the officer in case of doubt.

2. SAME—*act of 1901, increasing salary of judges in Cook county, does not apply to vacancies.* The act of 1901, (Laws of 1901, p. 207,) increasing the salaries of the judges of the circuit and superior courts of Cook county, applies only to judges elected after the passage of the act for the regular term, and not to a judge elected or appointed to fill a vacancy for part of a term, which term had begun before the act was passed.

3. CONSTITUTIONAL LAW—*constitution prohibits change of salary during term.* The rule deducible from the various provisions of the constitution upon the subject is, that the salary attached to any public office having a fixed term shall not be increased nor diminished during the term.

4. SAME—*provision referring to change of salaries of judges of Cook county refers to term.* The provision of the constitution prohibiting any change in the salaries of judges in Cook county "during their continuance in office" refers to the term, and not to the occupant.

MAGRUDER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

JAMES H. WILKERSON, County Attorney, WILLIAM F. STRUCKMANN, and FRANK L. SHEPARD, for appellants.

JOSEPH B. DAVID, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At an election held in Cook county in November, 1899, Nathaniel C. Sears was elected one of the judges of the superior court of said county for a term of six years, ex-

piring in December, 1905. At the time of his election the salary of a judge of said court had been fixed by law at $7000 per annum, $3500 of which was payable out of the State treasury and $3500 out of the county treasury. He held the office for part of the term for which he was elected, when he resigned, and Willard M. McEwen, the relator in this suit, was elected at an election in November, 1902, to fill the vacancy occasioned by said resignation, for the remainder of the term. The relator qualified and entered upon the discharge of the duties of the office on November 24, 1902. Appellants are the board of commissioners of Cook county, and after the election of the relator they continued to appropriate the sum of $3500 per year to be paid to him out of the county treasury. He demanded that the board should appropriate an additional $3000, making $6500 per year from the date of his commission, so as to make his salary equal to $10,000 per annum for the unexpired term for which Judge Sears was elected, which relator was filling by virtue of his election. The board refused to make such additional appropriation, and the petition in this case was filed in the circuit court of said county praying for a writ of *mandamus* against the appellants, as members of said board, requiring them to appropriate the sum so demanded. The petition set forth the foregoing facts and appellants interposed a general demurrer. The court overruled the demurrer and appellants elected to stand by it, whereupon the court awarded a peremptory writ of *mandamus* directing appellants to appropriate out of the county treasury the sum of $6500 per annum to be paid to relator from the date of his commission. This appeal was prosecuted from such judgment.

The claim of the relator to the increased salary is based on an act in force July 1, 1901, (Laws of 1901, p. 207,) the material provision of which is as follows: "That the judges of the circuit and superior courts of Cook county hereafter to be elected shall each be paid

by the said county, in addition to the salaries which may be paid to them from the State treasury, such further compensation as will make their respective salaries amount to the sum of $10,000 per year." Appellants contend that the act applies only to judges to be elected after its passage, as provided by law for the regular terms of six years, and that it does not apply to the relator, who was elected to fill the vacancy for a part of a term commencing before the passage of the act; and also that any other construction of the statute would bring it in conflict with the constitution.

We think it quite apparent that the act was not in-. tended to apply to one who should be elected or appointed to fill out the unexpired period of a term for which the salary had been unalterably fixed by the law under the provisions of the constitution. The right of an officer to compensation does not rest upon equitable considerations, and it cannot be recovered upon a *quantum meruit*, but the right rests entirely upon the statute, which is to be construed strictly against the officer. (*United States* v. *Clough*, 55 Fed. Rep. 373.) Unless it is clear that the statute allows the salary it cannot be recovered.

When the act of 1901 was passed the offices referred to in it were all filled by judges whose terms were definitely fixed by the constitution and whose successors were to be elected at definite times fixed by the law. It provided for an increase in the salaries of those judges, only, who were thereafter to be elected, and the natural interpretation of that language is, that the legislature referred to regular elections. It is true that a vacancy might occur by resignation, but in that event the vacancy was not necessarily to be filled by election, but was to be filled by appointment or election. This fact furnishes a convincing reason for our conclusion as to the intention of the legislature when we consider that no provision was made for an increase in salary to one who might

be appointed to fill a vacancy. Section 32 of article 6 of the constitution provides that in case of vacancy in the office of judge, if the unexpired term does not exceed one year, the vacancy shall be filled by appointment by the Governor, and if the unexpired term exceeds one year the vacancy is to be filled by election. No one would contend if the vacancy had been for only one year and the Governor had appointed the relator that he would be entitled to an increase of salary, for the plain reason that he would not have been within the terms of the act. This act is different from the statute of Tennessee, passed upon by the Supreme Court of that State in *Gaines* v. *Horrigan*, 72 Tenn. 609, which provided that judges thereafter appointed or elected should receive a certain salary. That is the case mainly depended upon by appellee, but in that case the act unquestionably applied to the judge who was appointed by the Governor. To say that the legislature intended that if a vacancy was for a year and a day an elected judge should receive $10,000, but if it was for a year an appointed judge should receive but $7000, would involve an absurdity and forbid the interpretation insisted upon by appellee. It is conceded that if Judge Sears had been again chosen by the electors at the election in November, 1902, he could not have received the increased salary, and we do not see why the same rule should not apply to the relator, who succeeded to the rights and assumed the duties of the office for the unexpired term.

A statute of New Jersey authorized the board of freeholders of the county of Hudson to appoint officers, agents and employees and to fix their compensation and term of office, and it also provided that the compensation should not be increased during the term of employment. In May, 1881, the board appointed sixty-eight officers and employees for one year and fixed their compensation. In April, 1882, previous to the incoming of a new board, all these persons resigned and they were re-appointed

by the new board, some of them at increased salaries. In *Greene* v. *Freeholders of Hudson*, 44 N. J. L. 388, it was held that these persons were legally re-appointed and entitled to their respective positions but that the resolution increasing their salaries was void, and that the board could not do by indirection what the statute was intended to restrain. Counsel says that the action of the officers in that case was a mere fraud and subterfuge; but that is not so unless the statute was designed to prevent a change in compensation during a fixed term. The evil would be precisely the same in case of a resignation with a view to obtaining an increased salary for another person as for the one who resigns.

Counsel for appellee says that if Judge Sears had served only one day of his term and resigned, and the vacancy had been filled after the passage of an act increasing the salary, it would be unjust and unfair to say that the successor, though serving nearly the whole term, could not claim the $10,000 salary. Although it is not a question of equity and an officer takes his office *cum onere*, we see no greater injustice in requiring the successor to serve at a certain salary than to have required Judge Sears to do so. If Judge Sears had served but a single day, as suggested by counsel, it might be regarded as unfair and unjust to other judges elected at the same time that his successor should serve practically the whole term at a salary of $3000 per annum more than his associates filling the same office and performing the same duties.

It is said that there are judges in Cook county elected after Judge Sears who are receiving $7000 per annum, and will continue to do so until their terms expire, a year later than that of the relator. So far as the reasonableness and justice of a particular construction of the act may properly have an influence it would be against the construction contended for by appellee, which would permit one judge to receive a larger compensation than

another for performing the same duties at the same time for the unexpired portion of a term beginning at the same time.

We are also of the opinion that the construction of the statute contended for by appellee would render it unconstitutional, so that in either view the judgment would be erroneous. As to all the judges in the State, except those in Cook county, it is conceded that the salary could not be increased or diminished during the regular terms for which judges are elected, and the claim of appellee is based on the difference in the language of the constitution concerning judges in Cook county. Counsel says that there must have been some reason for employing different words with reference to the judges in Cook county from those referring to judges of the same jurisdiction in other counties. But we do not discover any, and it is inconceivable that the framers of the constitution should have intended any difference. A constitution is adopted as a whole, for the purpose of establishing fixed principles and policies of government, and it is the established rule that in arriving at the intention of its framers the whole instrument is to be looked at and every section relating to the subject is to be examined. The meaning of one clause or section is frequently determined by comparison with other sections, and the constitution is to be interpreted not alone from words used in a particular clause, but upon a consideration of the whole, with a view to ascertain the sense in which the words are employed. (*Wilcox* v. *People*, 90 Ill. 186; *People* v. *Loeffler*, 175 id. 585.) When we examine the various provisions of the constitution with reference to a change of salary during a term of office, we find that no particular set of words is used to express the limitation on the power of the legislature, but that there is a well defined rule running through the whole instrument that the salary attached to any public office having a fixed term shall not be increased or diminished during that term.

With reference to the legislature, section 21 of article 4 provides that "no change shall be made in the compensation of members of the General Assembly during the term for which they may have been elected." As to the executive department, including the Governor and other State officers, section 23 of article 5 provides that the salary "shall not be increased or diminished during their official terms." Article 6 concerns the judicial department, and section 7 provides that salaries of the judges of this court "shall not be increased or diminished during the terms for which said judges shall have been elected." As to circuit judges, section 16 provides, "and after their salaries shall be fixed by law, they shall not be increased or diminished during the terms for which said judges shall be, respectively, elected." The provision as to judges of the superior court and circuit court in Cook county is contained in section 25, as follows: "Such compensation shall not be changed during their continuance in office." Section 10 of article 10, relating to county officers, provides "that the compensation of no officer shall be increased or diminished during his term of office," and in *Cullom* v. *Dolloff*, 94 Ill. 330, it was held to be the intention of this provision that the compensation should be unalterably fixed for the official term of the officer. While there is no particular set phrase and the language of the different provisions is slightly different, the intention to provide that there shall be no change in the salaries of officers during fixed periods of time is plainly apparent.

We see no warrant for saying that the words employed in the constitution relating to the salaries of judges of Cook county refer to the individuals, while as to other officials the words relate to the terms of office. To say that the provision relates to the continuance in office of an individual and not a term of office would prevent the increase of salary of a judge upon his re-election, since in that case he would continue in the same office as judge,

holding under one election until he began his term of office under the next, with no interval. In such a case there could be no change that would not be during his continuance in office. As we understand counsel for appellee, he contends that the provision refers to the individual for one purpose and to the term for another, so as to permit an increase on the beginning of a new term. In our opinion the provisions all relate to the official term and were intended to make each department of the government independent of the other, the executive and judiciary independent of the legislature because the legislature cannot diminish their salaries during the official terms, and the legislature independent of the executive and judiciary by freeing them from importunities to increase salaries.

The facts in the case of *Gaines* v. *Horrigan, supra,* were, that there was an election of judges in August, 1878, for a term of eight years, and a vacancy having subsequently occurred, L. B. Horrigan was appointed by the Governor on August 1, 1879, to fill the vacancy. When the regular term began the salary was $2500 per annum, but at a session of the legislature previous to the appointment an act was passed providing that judges thereafter appointed or elected should receive only $2000 per annum. The constitution provided that judges should receive a compensation for their services which should not be increased or diminished during the time for which they were elected, and the Supreme Court found a distinction between the time for which a judge should be elected and the term for which he should be elected. It was held that the act reducing the salary applied to Judge Horrigan, and that the constitution meant that the salary should not be increased or diminished during the time, and not the term, for which the judges were elected. We have been unable to discern the supposed distinction, and there was a dissenting opinion, which in our judgment properly construed the provision. When

applied to duration, we see no difference between time and term, which mean the space of time or period, or, in other words, the term.

The constitution of California provides that the compensation of any county officer shall not be increased after his election or during his term of office. In the case of *Larew* v. *Newman*, 81 Cal. 588, W. D. Egenhoff had been elected superintendent of schools of Mariposa county in 1882, and the salary was then $350 per annum. He resigned on March 19, 1884, and the plaintiff was elected to serve the unexpired term. By an act approved March 14, 1883, the salary was fixed at $650 per annum, and the suit was brought in *mandamus* for the increase. The act provided that it should not affect incumbents. It was held that the increased salary did not commence until after the expiration of Egenhoff's term, and that such effect could not be avoided by Egenhoff resigning and being re-elected or some one else being elected who stood in his shoes. The act did not affect Egenhoff, and it was decided that the plaintiff stood in his place.

In view of all the provisions of the constitution we are satisfied that the prohibition against a change of salary as to judges in Cook county refers to the term, and not to the individual, and that there is no difference between that provision and other provisions of the constitution on the same subject. The court erred in overruling the demurrer.

The judgment of the circuit court is reversed and the cause is remanded, with directions to sustain the demurrer.                    *Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting.