58 . Appellate Courts of Illinois.

The People v. Board of Com'rs of Cook County, 177 Ill. App. 58.

## The People of the State of Illinois ex rel. Thomas F. Judge et al., Appellants, v. Board of Commissioners of Cook County and Lewis Rinaker, County Judge, Appellees.

### Gen. No. 16,884.

1. Cities and villages—*board of election commissioners*. The members of the Board of Election Commissioners of Chicago are municipal officers within the meaning of the State Constitution, art. IX, § 11, providing that "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term."

2. Officers—*board of election commissioners*. The Election Commissioners of Chicago are public officers.

Appeal from the Circuit Court of Cook county; the Hon. Adelor J. Petit, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed January 27, 1913. Rehearing denied February 10, 1913.

Frank D. Ayers, for appellant.

Frank D. Ayers, William F. Struckmann and Gustavus Tatge, for appellee.

Mr. Justice Brown delivered the opinion of the court.

On July 1, 1909, the Board of Election Commissioners for the territory within the City of Chicago and the incorporated town of Cicero, duly appointed by the County Court of Cook county under the statute in force at the time of their appointment, were Nathaniel Hudson, Thomas F. Judge and Abel A. Bach, the relators in this cause. Each had been appointed under the statute before June 10, 1909, for a definite term of three years. Their salary as fixed by the statute in force at the time of their appointment was $2,500 each per year. By an Act of the Legislature approved June 10, 1909, and in force July 1, 1910, the statute was amended so as to make it read in part:

"In counties of the third class, to-wit, in Cook County, such election commissioners shall receive a salary of four thousand dollars  *  *  *  per annum. *  *  *  Such salaries  *  *  *  are to be audited by the county judges and such salaries shall be paid by the county treasurer upon the warrant of such county judge of any money in the county treasury not otherwise appropriated.  *  *  *  It shall also be the duty of the governing authority of such counties  *  *  * to make provision for the prompt payment of such salaries."

The Constitution of Illinois provides, article IX, section 11:

*  *  *  "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term."

The relators applied to the Board of Commissioners of Cook County to make provision for the payment of their salaries at the rate of $4,000 per annum each after July 1, 1909, and to the county judge to audit their salaries at that rate and issue his warrant for the payment thereof. This the commissioners and county judge refused to do. Thereupon the relators began this suit in the name of the People, praying for a mandamus upon the commissioners and county judge to perform these respective acts. The commissioners and the county judge demurred generally, and the Circuit Court sustained their demurrers, and entered judgment that the respondents go thence without day. An appeal was taken by the petitioners to this court, where the only question presented for our consideration is: Were the relators municipal officers within the meaning of the Constitution of Illinois? If they were, the judgment of the court below was correct, and the increase of salary of the election commissioners could apply only to election commissioners appointed after July 1, 1909.

We think there is no doubt that the relators were "municipal" officers within the meaning of the Constitution.

60      APPELLATE COURTS OF ILLINOIS.

The People v. Board of Com'rs of Cook County, 177 Ill. App. 58.

Whether the Board of Election Commissioners is in a strict sense "a municipal corporation" is beside the question.

As the Supreme Court of Louisiana said in State v. Board of Levee Com'rs, 109 La. Ann. 403, page 436, "The adjective 'municipal' is much more elastic in its meaning than is the word 'municipality' or even than the term 'municipal corporation.'"

By general rules of construction we should feel ourselves obliged to hold that the election commissioners were municipal officers in the sense in which the constitution uses these words, but our opinion is fortified by all the reasoning of the Supreme Court in: Wetherell v. Devine, 116 Ill. 631; County of Cook v. Sennott, 136 Ill. 314; Foreman v. People, 209 Ill. 567; Wolf v. Hope, 210 Ill. 50, and People v. Williams, 232 Ill. 519.

In Foreman v. People, 209 Ill. 567, the court, speaking through Mr. Justice Cartwright, says:

"A constitution is adopted as a whole, for the purpose of establishing fixed principles and policies of government, and it is the established rule that in arriving at the intention of its framers the whole instrument is to be looked at and every section relating to the subject is to be examined. The meaning of one clause or section is frequently determined by comparison with other sections, and the constitution is to be interpreted not alone from words used in a particular clause, but upon a consideration of the whole, with a view to ascertain the sense in which the words are employed. *When we examine the various provisions of the constitution with reference to a change of salary during a term of office, we find that no particular set of words is used to express the limitation on the power of the legislature, but that there is a well defined rule running through the whole instrument that the salary attached to any public office having a fixed term shall not be increased or diminished during that term.*"

It can hardly be claimed that the election commissioners are not "public" officers.

In Wolf v. Hope, 210 Ill. at page 61, Mr. Justice Scott speaking for the court says:

"In our judgment the provision quoted from section 11 of Article 9 of the Constitution was intended to include all officers not specifically mentioned in other provisions of the constitution, occupying offices created by the laws of the State in and for any of the political subdivisions of the State."

Certainly the election commissioners "occupy offices created by the laws of the state in and for a political subdivision of the state."

The judgment of the Circuit Court is affirmed.

*Affirmed.*