THE PEOPLE *ex rel.* Thomas F. Judge *et al.* Appellants, *vs.*
• THE BOARD OF COMMISSIONERS OF COOK COUNTY *et al.*
Appellees.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. OFFICERS—*election commissioners may be municipal officers
even though the board may not be a municipal corporation.* The
fact that the board of election commissioners for the city of Chi-
cago and town of Cicero may not be a municipal corporation does
not tend to negative the proposition that the members of the board
are officers of some municipal corporation and therefore munici-
pal officers.

2. SAME—*officer may be a county officer though an officer of
the court.* The statutory provision that members of the board of
election commissioners shall be officers of the county court does
not prevent them from being county officers and therefore munici-
pal officers, as an officer of a court may be a county officer.

3. FEES AND SALARIES—*salary of election commissioners cannot
be changed during their term of office.* Election commissioners for
the city of Chicago and town of Cicero are appointed for a defi-
nite term of office for the exercise of powers and the performance
of duties in such city and town under the laws of the State, and
they are therefore "municipal officers," as that term is used in sec-
tion 11 of article 9 of the constitution, providing that the fees,
salary or compensation of municipal officers shall not be increased
or diminished during their term of office.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. ADELOR J. PETIT, Judge,
presiding.

JOHN M. DUFFY, for appellants.

CARL R. CHINDBLOM, County Attorney, and WILLIAM
F. STRUCKMANN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The appellants, Thomas F. Judge, Abel A. Bach and
Nathaniel Hudson, were appointed by the county court of
Cook county as members of the board of election commis-

sioners for the city of Chicago and the town of Cicero. They were each appointed for a term of three years, and their terms would expire on November 9 in different years, as follows: Nathaniel Hudson in 1909, Thomas F. Judge in 1910 and Abel A. Bach in 1911. When they were appointed the salary of an election commissioner was fixed by law at $2500 per annum. Afterward, during their terms of office, the General Assembly amended section 1 of the act under which they were appointed by providing that an election commissioner in Cook county should receive a salary of $4000 per annum. (Laws of 1909, p. 198.) The board of commissioners of Cook county refused to pay more than the salaries fixed by law when the terms of office began, and the judge of the county court refused to audit claims for the increase or to issue his warrants for the payment of the same. Appellants filed their petition in this case, in the name of the People, for a peremptory writ of *mandamus* commanding the appellees, the board of commissioners of Cook county and the county judge, to make provision for the payment of the increase and the county judge to audit their claims and issue warrants for the payment of the same. The appellees filed demurrers to the petition, which were sustained, and the appellants having elected to stand by their petition, judgment was rendered against them. They appealed to the Appellate Court for the First District, which affirmed the judgment and granted a certificate of importance and an appeal to this court.

Section 11 of article 9 of the constitution is as follows: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term." If the appellants were municipal officers the General Assembly had no power to increase or diminish their salaries during their terms of office. A portion of the argument for appellants

is devoted to maintaining the proposition that the board of election commissioners is not a municipal corporation, which is true but of no interest in this controversy. The fact that the board is not a municipal corporation does not tend to negative the claim that its members are officers of some municipal corporation and therefore municipal officers. Counsel for appellants also regards the statutory provision that election commissioners are officers of the county court as affecting the question whether they are municipal officers, but that provision can have no influence on the question. Thomas W. Sennott was clerk of the probate court of Cook county for a term beginning the first Monday in December, 1886, at a salary of $3000 per annum. By the act of the General Assembly in force July 1, 1887, it was provided that the salary of the probate clerk should be $5000 per annum. He retained earnings of his office equal to the salary at the increased rate and the county of Cook sued him for the money retained. This court said, that when the act of 1887 was passed he was a municipal officer elected for a definite term, with a salary fixed by law; that the General Assembly was prohibited by the constitution from interfering with that salary during his term of office; that the fact that the office was created by statute and not by the constitution made no difference, and that the statutory provision applied to all municipal officers elected or appointed for a definite term of office. (*Cook County* v. *Sennott,* 136 Ill. 314.) He was an officer of a court, but he was an officer of the county, and counties are recognized by the express language of the constitution as municipal corporations. (*Wulff* v. *Aldrich,* 124 Ill. 591; *Jimison* v. *Adams County,* 130 id. 558.) A State's attorney is a county officer although he is an officer of the courts, because he is elected for and within a county to perform his duties therein. (*Cook County* v. *Healy,* 222 Ill. 310.) In *Wetherell* v. *Devine,* 116 Ill. 631, it was decided that elec-

tion commissioners are corporate authorities contemplated by the constitution, for whose salaries and expenditures the municipality in which they exercise their powers and perform their duties is liable. It was declared that they are such corporate authorities because they are appointed in a mode to which the municipality has given consent, as provided by law, and it necessarily follows that they are officers of the municipality within and for which they are appointed. The appellants were officers appointed for a definite term of office, for the exercise of certain powers and the performance of certain duties under the laws of the State, in and for the city of Chicago and the town of Cicero, and they cannot be distinguished in any manner from other officers occupying public positions created by the law, all of whom are municipal officers within the meaning of the constitution. *Forman* v. *People,* 209 Ill. 567; *Wolf* v. *Hope,* 210 id. 50; *People* v. *Williams,* 232 id. 519.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.* ·