JOSEPH H. BARNETT, Appellant, *vs.* THE COUNTY OF COOK, Appellee.

*Opinion filed February 18, 1926.*

FEES AND SALARIES—*jury commissioner is not entitled to salary increase during term.* As a county is a municipality within the meaning of section 11 of article 9 of the constitution, a jury commissioner, being an officer of the county under section 1 of the Jury Commissioners act, is not entitled to an increase in his salary during his term of office.

APPEAL from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

JOHN J. ENRIGHT, (P. J. O'KEEFFE, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed his suit in assumpsit against the appellee, the county of Cook, to recover for services rendered as jury commissioner for a term of three years, beginning

July 1, 1919, and ending June 30, 1922, at the rate of $1500 per year. A jury was waived and the case submitted on a stipulation of fact. This stipulation shows that appellant was on the 7th day of July, 1919, appointed to the office of jury commissioner for the term of three years ending June 30, 1922, in the manner provided by statute, his term of office to commence on July 1, 1919. On February 28, 1920, the board of commissioners of Cook county raised the salary of the jury commissioner to be appointed in July, 1920, from $1500 per year to $3000 per year. It is stipulated that appellant received for the three years the sum of $1500 per year, but he contends that because the salary of the jury commissioner to be appointed in July, 1920, was raised, he is entitled to such raise for the full three years of his term. The circuit court found the issues for the defendant and granted an appeal to this court.

Appellant, while admitting that an officer's salary can not, under the constitution, be raised during his term of office, contends that he is not a municipal officer within the meaning of the constitution. Section 1 of the act concerning jury commissioners (Smith's Stat. 1925, p. 1586,) provides that in counties such as Cook county the judges of the several courts of record of the county, or a majority of them, shall choose and appoint three jury commissioners for a period of three years each. "Each of such commissioners, before entering upon the duties of his office, shall take and subscribe to an oath of office before one of such judges, and shall execute a bond to the people of the State of Illinois * * * conditioned for the faithful discharge of his duties as such commissioner during his term of office. The majority of the judges of such county may remove either of such commissioners, assigning reasons therefor, and fill all vacancies occurring in the office of any such commissioners by death, resignation or removal." Section 6 of that act provides that the commissioners shall be paid

for their services by the county treasurer such compensation as shall be fixed by the county board. It will be seen that section 1 of the Jury Commissioners act describes a jury commissioner as an officer and fixes his term of office at three years.

It is not seriously contended that a jury commissioner is not an officer of the county, but it is urged that counties are not municipalities, and that the salary of a jury commissioner does not come within section 11 of article 9 of the constitution, prohibiting the increase or decrease of the salaries of municipal officers during their terms of office. That counties are municipalities has been squarely decided by this court in *County of Cook* v. *Sennott,* 136 Ill. 314, and *Jimison* v. *Adams County,* 130 id. 558. Appellant, while acting as jury commissioner, was a municipal officer. Under section 11 of article 9 of the constitution the compensation of such an officer cannot be increased or decreased during his term of office.

It is not contended that the board of commissioners fixed the salary of appellant at $3000 before he went into office, but he bases his claim for an increase in salary on the ground that after he had been in office for a period of more than six months the county board on February 28, 1920, fixed the salary of a jury commissioner to be appointed in the following July at $3000. Such a claim is without support. He has filed a suit in assumpsit though no one has ever fixed his salary at the amount he claims, and, of course, there is not even an implied promise to pay it. His case is wholly without merit.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*